992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew G. ZUKOWSKI; Teresa Zukowski, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
Donald J. Jakob, Director of Hud, Columbus Office
Region V, Defendants-Appellees.
 No. 92-4290.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Andrew and Teresa Zukowski, pro se Ohio citizens, appeal a district court order dismissing their civil complaint filed under federal question jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Zukowskis filed the instant action against the Department of Housing and Urban Development (HUD), and the director of HUD, Donald J. Jakob, requesting a "Writ for execution of money for complete [sic] house in accordance to approved plans and specifications." The Zukowskis apparently contracted with a non-federal entity, M/I Homes, for the construction and purchase of a new home. To finance the purchase of their home, the Zukowskis obtained a mortgage from Yerke Mortgage Company and procured mortgage insurance from HUD. Although the Zukowskis' purchase of the home proceeded to closing, the Zukowskis remained dissatisfied with the quality of the house. Specifically, they claimed that M/I Homes failed to construct their house in accordance with the approved plans and specifications, resulting in a house of inferior quality.
 
 
 3
 Their complaint appears to be based upon two events. The first is an allegedly "false statement to the United States," made by an "F.H.A. inspector," that the house was "complete." The second appears to be a meeting between the Zukowskis, M/I Homes, the mortgagee, and various HUD officials, arranged by defendant Jakob, in an effort to mediate the dispute between the Zukowskis and M/I Homes. The Zukowskis characterize defendant Jakob's role in the meeting as "blackmail" and false statements in support of M/I Homes. Essentially, they charged that defendant Jakob committed a criminal ethics violation, tampered with evidence, and perpetrated other unspecified fraudulent acts.
 
 
 4
 The defendants filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss or, in the alternative, a motion for summary judgment. The Zukowskis responded. In an opinion and order filed November 20, 1992, the district court granted the defendants' 12(b)(6) motion to dismiss.
 
 
 5
 Upon review, we conclude that the district court correctly dismissed the Zukowskis' cause of action because the Zukowskis undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 6
 To the extent that the Zukowskis hold HUD and Jakob responsible for their dissatisfaction with the quality of their home, the complaint fails to state a claim. The Zukowskis did not allege that Jakob warranted the quality of their home or otherwise made any misrepresentations.
 
 
 7
 To the extent the Zukowskis assert a claim against an F.H.A. inspector, who the Zukowskis claimed lied by stating that the home had been completed in substantial conformity to the contract, the complaint fails. First, the F.H.A. inspector is not named as a defendant to the action. Second, the sole purpose of a F.H.A. inspection is to determine "the maximum insurable mortgage amount and to protect the Government and its insurance funds." 24 C.F.R. § 200.145(c)(1). Furthermore, appraisals and inspections are not to be regarded as a warranty by HUD to the mortgagor of the value or condition of the property. Id.
 
 
 8
 To the extent the Zukowskis base a cause of action against defendant Jakob as a result of the events relating to the meeting which included HUD officials, Yerke Mortgage Company, and M/I Homes, the complaint fails to state a claim upon which relief may be granted. In support of their claim that defendant Jakob "blackmailed an agreement," the Zukowskis cite to the existence of a release form sent to them by M/I Homes. However, they fail to show how they were harmed by Jakob's alleged "blackmail." The Zukowskis do not claim that they were unwilling parties to the agreement or settlement of claims during or as a result of that meeting.
 
 
 9
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.